**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MASTER CUTLERY, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 12-4493 (JLL)** |
| | : | |
| **v.** | : | |
| | : | |
| **PANTHER TRADING CO., INC. et al** | : | **OPINION** |
| | : | |
| **Defendants.** | : | |

**HAMMER, United States Magistrate Judge**

### I.   INTRODUCTION

Before the Court is a motion by Defendant Panther Trading Co., Inc. ("Panther") to transfer venue to the District of Maryland pursuant to 28 U.S.C. § 1404(a).  Plaintiff Master Cutlery, Inc. ("Master Cutlery") opposes the motion.  Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument.  For the reasons set forth below, the Court will deny the motion to transfer.

### II.   FACTUAL BACKGROUND

Only the facts relevant to Panther's motion to transfer are set forth herein.  Plaintiff brings this civil action asserting the following causes of action: patent infringement (Count 1), copyright infringement (Count 2), unfair competition under federal and New Jersey State Law (Counts 3 and 5), trademark infringement (Count 4), tortious interference with a prospective economic advantage (Count 6), and misappropriation of intellectual property (Count 7).  Master

Cutlery's complaint stems from its manufacture and sale of cutlery products and its alleged intellectual property rights regarding those products.  In 2003, Master Cutlery filed a design patent application with the United States Patent and Trademark Office ("USPTO") for an invention entitled "Knife."  Its design patent, Patent No. U.S.D. 510,009S, was granted in September 2005.  Compl. at ¶ 8 (ECF No.  1).  While the patent was pending, Master Cutlery began selling a product under the name "Cyclone," which Master Cutlery alleges embodies its patent.  Id. at ¶ 10.  Until 2005, Panther had allegedly purchased products from Master Cutlery and had purchased the patented "Cyclone" several times.  Id. at ¶ 18-19.  Master Cutlery alleges that, in 2011, it learned that Panther had been knowingly making, offering for sale, and selling a knife nearly identical to the "Cyclone" under the name "Skull Pirate 3 Blade Folding Knife."  Id. at ¶ 12.  In addition, Plaintiff alleges Panther willfully infringed on several copyrights and trademarks it holds for cutlery products.  Id. at ¶ 24-26, 37.

Master Cutlery filed the instant action in the United States District Court for the District of New Jersey on July 18, 2012.  On September 12, 2012, Defendant filed a motion to transfer venue to the District of Maryland pursuant to 28 U.S.C. § 1404(a).

## III.   DISCUSSION

Section 1404(a) vests a district court with discretion "to adjudicate motions to transfer according to an individualized, case by case consideration of convenience and fairness."  Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 23 (1998) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)).  Specifically, § 1404(a) provides: "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought."

The purpose of § 1404(a) is to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.  Van Dusen, 376 U.S. at 616.  Courts are not limited to only these factors, however, and should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum."  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995); see also Clark v. Burger King Corp., 255 F. Supp. 2d 334, 337 (D.N.J. 2003).[1]  This standard creates an analysis that "is flexible" with decisions being made based "on the unique facts of each case."  Calkins v. Dollarland, Inc., 117 F. Supp. 2d 421, 428 (D.N.J. 2000) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249-50 (1981)).  The burden of establishing the need for transfer rests on the moving party, in this case Panther.  See Jumara, 55 F.3d at 879.

The Third Circuit has listed the public and private interest factors to be weighed when considering a motion to transfer:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses–but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and

---

[1] Although Master Cutlery's action involves patent infringement, the Court involves Third Circuit rather than Federal Circuit case law when deciding a motion to transfer as it raises a procedural issue rather than a substantive question of patent law.  See Storage Tech. Corp. v. Cisco Sys., 329 F.3d 823, 836 (Fed. Cir. 2003) ("In reviewing a district court's decision regarding a motion to transfer under 28 U.S.C. § 1404(a), this court applies the law of the appropriate regional circuit.").

the familiarity of the trial judge with the applicable state law in diversity cases.

Jumara, 55 F.3d at 879 (internal citations omitted).

### A.      Propriety of Venue in Transferee District

The first step in a court's analysis of a motion to transfer is to determine whether venue

would be proper in the proposed transferee district.  Clark, 225 F. Supp. 2d at 337.  Section

1391(a) of Title 28 of the United States Code provides that a civil action may be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (emphasis added).  In an action for infringement of intellectual

property rights, venue may lie "in the judicial district where the defendant resides, or

where the defendant has committed acts of infringement and has a regular and established

place of business."  28 U.S.C. § 1400(b).  The Federal Circuit has often interpreted this

provision as conferring nationwide jurisdiction as § 1391 defines where a defendant

resides for venue purposes as where he is subject to a court's personal jurisdiction.  VE

Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583 (Fed. Cir. 1990)

("[V]enue in a patent infringement case includes any district where there would be

personal jurisdiction over the corporate defendant at the time the action is commenced.").

Defendant is headquartered in Maryland, establishing proper venue in the District of

Maryland.  Compl. at ¶ 6.  And because Defendant has sold its products in New Jersey and conducted business in this forum, venue is also proper here in the District of New Jersey.  Def. Br. at 4 (ECF 8-1).

**B.      Private Interest Factors**

The Court must next evaluate whether the transfer is in the interest of justice and "must consider both the private and public interests effected by the transfer."  Jumara, 55 F.3d at 879; see also Gulf Oil v. Gilbert, 330 U.S. 501, 508-09 (1946) (evaluating private and public interest factors effected by transfer).

*Parties' Forum Preference*s

Foremost among the Court's concerns under this prong of the analysis is Plaintiff's decision to file this action in New Jersey.  Ordinarily, a plaintiff's choice of forum is a "paramount consideration" and should not be "lightly disturbed."  Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (internal quotation marks omitted). Indeed, "a strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of the public and private interests clearly favors an alternate forum."  Windt v. Qwest Communications Intern., Inc., 529 F.3d 183, 190 (3d Cir. 2008).  This presumption deserves less deference when the operative facts did not occur in the chosen forum or when plaintiff's chosen forum is not its home state.  See LG Elecs. Inc. v. First Int'l Computer, Inc., 138 F.Supp.2d 574, 590 (D.N.J. 2001) ("When the central facts of the lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference."); Nat'l Prop. Investors VIII v. Shell Oil Co., 917 F.Supp. 324, 327

(D.N.J. 1995) (stating same); see also NPR, Inc. v. Am. Int'l Ins. Co. of P.R., No. 00-242, 2001 U.S. Dist. LEXIS 3463, at *4-5 (D.N.J. Mar. 28, 2001) (according "significantly less weight" to plaintiff's forum choice where operative facts of lawsuit arose in defendant's preferred forum); Windt, 529 F.3d at 190 ("When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference.").  Here, Plaintiff chose to litigate this action in its home state of New Jersey and Defendants have not shown that the remaining private interest considerations tip "strongly" in favor of transfer.  Nor have Defendants shown that Plaintiff's preference is not entitled to considerable weight because a substantial amount of the facts occurred outside the district.  Plaintiff's Complaint is replete with allegations that concern New Jersey.  First and foremost, Master Cutlery is a New Jersey corporation based in Secaucus, New Jersey.  Compl. at ¶ 5.  Panther bought products from Master Cutlery in New Jersey (id. at ¶¶ 18-19) and Panther sold its own products in New Jersey. Although Defendants seek to have the matter litigated in the District of Maryland, this factor weighs in favor of denying the motion to transfer.

*Where the Claims Arose*

Defendant argues that transfer is proper because the alleged infringement occurred in Maryland.  The Court determines where the claims arose by inquiring into where the allegedly culpable conduct occurred.  "The 'locus of the alleged culpable conduct' determines the place where the claim arose."  Allied Old English, Inc. v. Uwajimaya, Inc., 2012 U.S. Dist. LEXIS 116261, at *10-11 (D.N.J. Aug. 16, 2012) (quoting Van

Cauwenberghe v. Biard, 486 U.S. 517, 529 (1988)).  Intellectual property infringement

occurs, among other places, where any allegedly infringing articles are sold.  For

example, patent infringement is defined in 35 U.S.C. § 271. The three acts of direct patent

infringement are (1) making, (2) using, and (3) selling the claimed invention without

authority of the patent owner.  35 U.S.C. § 271(a) ("[W]hoever without authority makes,

uses, offers to sell, or sells any patented invention, within the United States or imports

into the United States any patented invention during the term of the patent therefor,

infringes the patent.").  Panther admits that it sold products in New Jersey. Def. Br. at 4

(ECF 8-1) ("Panther does not deny that some goods are sold in New Jersey."). Moreover,

Master Cutlery has alleged that Panther's infringement was willful, stemming from its

purchase of Master Cutlery's products that Panther then allegedly copied.  Compl. at ¶ 20.

And finally, the alleged injury—such as Master Cutlery's lost profits—would be centered

here in the District of New Jersey, where Master Cutlery is headquartered.  Id. At ¶ 22.

   While Panther argues that Habitat Wallpaper & Blinds, Inc.  V.  K.T. Schott Ltd.

P'ship, 807 F.  Supp.  470 (N.D. Ill.  1992) counsels that, in patent infringement cases,

the location of the alleged infringer's principal place of business should be a critical

consideration, that case is readily distinguishable on its facts and applies Seventh Circuit

case law, not Third Circuit law.  In K.T. Schott, the defendant relied on the fact that its

retail stores, the design of which were the subject of the alleged infringement, were all

located within its home state.  Here, by contrast, the allegedly infringing knife is a readily

movable object and was sold in multiple venues, including this one, and is readily

transferrable to this venue.  Nor is In re Link  A  Media Devices Corp., 662 F.3d 1221

(Fed. Cir. 2011) compelling.  There the Federal Circuit applied Third Circuit case law and found that transfer was appropriate because plaintiff had no connection to its choice of forum.  Id. at 1223.  There the Federal Circuit specifically found that the chosen forum was not plaintiff's home forum, and that the litigation had no connections with the chosen forum.  Id. at 1224.  That is not the case here.

A more apposite case is Tristrata Tech., Inc. v. Emulgen Labs., Inc., 537 F. Supp. 2d 635 (D. Del. 2008), where the court denied a motion to transfer finding that the Third Circuit places heavy weight on the plaintiff's choice when it is indeed the home state, such as is the case before the Court today.

*Convenience of the Witnesses and Location of the Books and Records*

 The next two factors, specifically convenience of the witnesses and location of the records, do not tip the scale strongly in favor of either party.  The Court finds that both parties will be similarly, but not overwhelmingly, inconvenienced regardless of which forum is selected.  The same analysis holds true for the witnesses.  Defendant makes the argument that because Maryland is not significantly far away from New Jersey it will not inconvenience plaintiff much to travel there to litigate the matter.  Def. Br. at 4 (ECF 8-1) ("Maryland constitutes a convenient forum for both parties...Plaintiff should be able to physically and financially to travel easily to that district.").  But as Master Cutlery correctly points out, "the distance from Maryland to New Jersey is equal to the distance from New Jersey to Maryland."  Pl. Opp. at 5 (ECF No. 11).  Where the transfer of an action would result in a plaintiff being put to the same inconvenience which the defendant

contends necessitates a transfer in its favor, it would not be a transfer in the interest of justice.  <u>Tristrata Tech</u>, 537 F. Supp. 2d at 643.

Defendant does not point to any witnesses or records that would not be available in New Jersey but would be available in Maryland.

Moreover, the Court is not convinced that document production will suffer as a result of the venue.  This factor is considered by courts only to the extent that files could not be produced in the alternative forum.  In this current electronic age, it is difficult to imagine that business files cannot be produced in either forum.  Defendant cites <u>In re Link-A-Media Devices Corp.</u>, out of context.  There, the Federal Circuit criticized the lower court's decision for failing to analyze convenience of the witnesses and location of the books and records on the basis that advances in technology rendered those factors outdated and irrelevant.  In contrast, here, the Court finds that advances in technology do not weigh in favor of either party because the samples of infringing or embodying products and documents can be easily reproduced in either forum.  Defendant's argument that its products are shipped to the Port of Baltimore should not be given considerable weight because it puts forth no evidence as to why samples of the allegedly infringing knives could not then be delivered to New Jersey.  Thus, this factor is neutral because whether this case was transferred or not, one party would be required to transport their materials.  <u>See  Mercedes-Benz USA, LLC v. ATX Group, Inc.</u>, Civil No. 08-3529, 2009 WL 2255727, *4 (D.N.J. Jul. 27, 2009) ("The location of the disputed records is . . . neutral since there is nothing to suggest that the records, which are admittedly in electronic form, cannot be easily transmitted ....").

9

In sum, Defendant has not met its burden of showing that the private interest factors favor transfer to the District of Maryland.

### C.    Public Interest Factors

As noted, the public factors to be considered by courts include:  "[T]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases."  Jumara, 55 F. 3d at 879-80 (internal citations omitted).  Other public factors include, but are not limited to, "the unfairness of burdening citizens in an unrelated forum with jury duty."  Windt, 529 F.3d at 192 (citing Gulf Oil, 330 U.S. at 508-09).  "In evaluating the public interest factors the district court must consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum."  Delta Air Lines, Inc.  V.  Chimet S.p.A., 619 F.3d 288, 300 (3d Cir.  2010) (quoting Lacey v.  Cessna Aircraft Co., 862 F.2d 38, 48 (3d Cir.1988) (internal quotation marks omitted).  The parties spend little time discussing the public factors.

The Court finds no reason to suggest that the public factors favor transferring this case to Maryland.  On a whole, these factors are somewhat neutral.  Panther cites statistics that suggest the District of New Jersey is more congested than the District of Maryland.  In terms of local interest, this factor slightly tips in favor of transfer.

10

The caseload factor does not outweigh, however, New Jersey's interest in this litigation, as it concerns a business that operates in New Jersey and alleges patent infringement that involving sales in New Jersey.  "When an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale where it may be a matter of local attention, rather than in a remote location where it will be learned of only by report." Coppola v. Ferrellgas, 250 F.R.D. 195, 201 (E.D. Pa. 2008).   Thus, on balance this factor is at least neutral to either jurisdiction and does not weigh in favor of transfer.

Master Cutlery argues that it will be easier for New Jersey courts to apply New Jersey law.  Federal courts are accustomed to applying the law of various states. Moreover, while this action involves some state law causes of action it also involves a significant number of counts based on federal law.  Therefore, I find that this factor is neutral.

 The Court finds that Defendant has failed to meet its burden that the public factors favor transfer to the District of Maryland.

After taking all of the foregoing into consideration, this Court cannot conclude that Defendant has met its burden of demonstrating that it would be more convenient for all the parties and witnesses to have this case litigated and tried in the District of Maryland. Plaintiffs' choice of forum should be honored.

**IV. CONCLUSION**

For the reasons stated above, the Court denies Defendant's motion to transfer this case to the District of Maryland pursuant to 28 U.S.C. § 1404(a).  An appropriate Order accompanies this Opinion.


Date: December 14, 2012                          **s/_Michael A. Hammer_**_____
                                                 UNITED STATES MAGISTRATE JUDGE