IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MASTER CUTLERY , INC., : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION |
| : | |
| PANTHER TRADING CO., INC., and : | |
| ABC COMPANIES 1-30 : | |
|     Defendants. : | |
| _____ : | Case No. 12-4493(JLL) |
| PANTHER TRADING CO., INC., and : | |
| PANTHER BRANDS INC., : | |
|     Counterclaim Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| MASTER CUTLERY, INC. and : | Jury Trial Demanded |
| XYZ COMPANIES 1-30, : | |
|     Counterclaim Defendants. : | |

**JOINT DISCOVERY PLAN**

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

**Plaintiff's Factual Description:**
    Master Cutlery is an importer and designer of specialty Knives. Master Cutlery is the largest importer of knives in the U.S. with many types of knife designs, including but not limited to commemorative designs of movie knives and swords, what are known as "fantasy blades and swords" and historical knives which are replicas of famous weapons from history. Knives specifically for use in the kitchen by chefs are also sold. Master Cutlery has been in business for 30 years and uses various manufacturers in China. Master Cutlery holds a patent on a particular type of knife that is sold under the name "cyclone." The Cyclone patent is held by the president of Master Cutlery, Inc., Mr. Victor Lee. Mr. Lee also holds design copyrights on many other products.

    At issue in this case in particular are the spider folding knife, the scorpion folding knife, Electric/Flash Knife and the spider attack knife. In addition to the patent and copyrights at issue, there are any trademark items that have also been infringed by the defendant, Panther. Those are in the complaint and are set out here for convenience. In fact Panther Trading bought knives from Master Cutlery until 2005, which it resold in its role of wholesale distributor. After that, Panther had manufacturers copy Master Cutlery designs and sold those as Panther's own.

1

The counterclaim by Panther lists eight different knives and applications for their registration for copyright. Four of these were produced by Master Cutlery for many years before the dates alleged by Panther, and the others are so generic as not to warrant entitlement to copyright protection. As for number 3 in paragraph 29 of Panther's counterclaim, Master Cutlery has sold FC-1BB, the identical knife, through Master Cutlery's catalog in 2002. The knife designated as number 4 (and 5) US 1918 WW II metal (and wood) was sold by Master Cutlery in 2002. As to number 7, Master Cutlery has sold this knife since the 2004 catalog and it is called Raztac. In the Master Cutlery 2002 catalog, the same knife that is called the Sicilian toothpick knife by Panther, number 8, is called NK913-50SB by Master Cutlery. The court should note that the dates for applications by Panther, being December 31, 2012 for three of the applications and January 2, 2013 for five of the applications, are all after the date of this lawsuit by Master Cutlery, July 18, 2012, against Panther. Indeed, the date of the answer and counterclaim being filed by Panther was also January 2, 2013.

    Patent:  Cyclone
Copyright:
 a. Spider Folding Knife
 b. Scorpion Folding Knife
 c. Electric Flash Knife Item #VL-15
 d. Spider Attack Knife

 Trademark:
 1. K-105 6" Black Sheriff Two-Toned Tactical Action Assisted Knife
 2. K-242 8" Sheriff Tactical Rescue Black Folding Knife-Scimitar Blade
 3. K-253 6" Sheriff Handcuffs Action Assisted Knife
 4. K-254 6" Sheriff Handcuffs Action Assisted Knife – Gray
 5. K-80 9" Sheriff Tactical Rescue Folding Knife (1/2 Lb. of Power)
 6. KX-100 Karambit Rescue Action Assisted Knife – Sheriff Black
 7. P-527-B-SH 8.5" Tactical Rescue "Bold" Action Assisted Knife – Black Sheriff
 8. P-527-GY-SH 8.5" Tactical Rescue "Bold" Action Assisted Knife – Grey Sheriff
 9. P-528-SH-BK 7.5" Action Assisted Rescue Knives – Sheriff
 10. P-528-SH-GY 7.5" Action Assisted Rescue Knives – Sheriff (Grey)
 11. P-529-SH-BK 9" Black Sheriff Tactical Action Assisted Folding Knife
 12. P-529-SH-GY 9" Grey Sheriff Tactical Action Assisted Folding Knife
 13. P-530-SH-BK 7" Black Sheriff Tactical Action Assisted Folding Knife "New"
 14. P-530-SH-GY 7" Grey Sheriff Tactical Action Assisted Folding Knife "New"

15. P-569-SH-BK 9" Black Sheriff Tactical Action Assisted Folding Knife
16. P-569-SH-GY 9" Grey Sheriff Tactical Action Assisted Folding Knife

Tortious Interference:
a) a belt knife
b) a barber knife, with multiple color variations
c) butterfly shaped throwing knife
d) "rescue action" knife – black
e) "rescue action" knife – red
f) "rescue action" knife – orange
g) "action assisted" knife – red
h) "skull and snake" throwing knife.
i) spider folding knife
j) scorpion folding knife
k) electric flash knife Item #VL-15
l) spider attack knife
m) K-105 6" Black Sheriff Two-Toned Tactical Action Assisted Knife
n) K-242 8" Sheriff Tactical Rescue Black Folding Knife-Scimitar Blade
o) K-253 6" Sheriff Handcuffs Action Assisted Knife
p) K-254 6" Sheriff Handcuffs Action Assisted Knife – Gray
q) K-80 9" Sheriff Tactical Rescue Folding Knife (1/2 Lb. of Power)
r) KX-100 Karambit Rescue Action Assisted Knife – Sheriff Black
s) P-527-B-SH 8.5" Tactical Rescue "Bold" Action Assisted Knife – Black Sheriff
t) P-527-GY-SH 8.5" Tactical Rescue "Bold" Action Assisted Knife – Grey Sheriff
u) P-528-SH-BK 7.5" Action Assisted Rescue Knives – Sheriff
v) P-528-SH-GY 7.5" Action Assisted Rescue Knives – Sheriff (Grey)
w) P-529-SH-BK 9" Black Sheriff Tactical Action Assisted Folding Knife
x) P-529-SH-GY 9" Grey Sheriff Tactical Action Assisted Folding Knife
y) P-530-SH-BK 7" Black Sheriff Tactical Action Assisted Folding Knife "New"
z) P-530-SH-GY 7" Grey Sheriff Tactical Action Assisted Folding Knife "New"
aa) P-569-SH-BK 9" Black Sheriff Tactical Action Assisted Folding Knife
bb) P-569-SH-GY 9" Grey Sheriff Tactical Action Assisted Folding Knife

The allegations by defendant, Panther, that it is Panther which instead holds the rights to these very same products, is simply untrue. In the counterclaim the various knives claimed to be those belonging to the defendant, Panther, are simply not.

**Defendant's Factual Description:**

This case concerns alleged violations of federal patent, copyright, and trademark laws, as well as correlative state laws. Defendant/Counterclaim Plaintiffs Panther Trading Co., Inc. and Panther Brands Inc. (collectively "Panther") have been in the wholesale cutlery business for over ten years. Panther specializes in supplying a broad range of cutting implements, including swords, kitchen knives, ninja and martial arts items, self-defense items, military knives, sporting and hunting knives, and medieval weapons, among other things. Panther has a strong reputation in the industry for creating unique knife designs, and Master Cutlery, a much larger company than Panther, illegally competes with Panther by stealing its original knife designs.

Indeed, Master Cutlery claims that its president Victor Lee invented the patent at issue in this case, design patent U.S. D510,009 ("009 Patent"). Yet the design was known in China long before Mr. Lee filed his patent application. Mr. Lee and Master Cutlery procured the '009 Patent through false and misleading statements to the U.S. Patent and Trademark Office ("USPTO"). In addition, they failed to disclose material prior art during the prosecution of the application that became the '009 Patent.

Rather than Panther violating Master Cutlery's intellectual property rights as Master Cutlery alleges, Master Cutlery has instead misappropriated and infringed Panther's copyrights and trademarks. More specifically, Master Cutlery has infringed the following copyrights belonging to Panther:

(a) Luck O' The Irish Plain Straight Blade Knife (App. No. 1-871195651)
(b) Luck O' The Irish Serrated Blade Knife (App. No. 1-871242312)
(c) Mutilator Blade Knife (App. No. 1-871277372)
(d) US 1918 WWII Metal (App. No. 1-871925522)
(e) US 1918 WWII Wood (App. No. 1-871925596)
(f) Red Deer Knife (App. No. 1-871939292)
(g) Barber Elite Knife (App. No. 1-871981467)
(h) Sicilian Toothpick Knife (App. No. 1-871981739)

Also, Master Cutlery has infringed the Panther trademarks MUTILATOR (App. No. 85/717,748) and LUCK O' THE IRISH (App. No. 85/726,720), both used with knives. To the extent Panther has trademark rights in SHERIFF, Master Cutlery has infringed those rights as well.

Panther's Counter-Complaint also contains claims for related federal trademark violations and violations of New Jersey common law including Unfair Competition and Tortious Interference with Prospective Economic Advantage; and claims for Unjust Enrichment, Commercial Disparagement and Federal Unfair Competition, and

Defamation.

With regard to Master Cutlery's Complaint, Panther seeks relief from Master Cutlery's allegations of federal patent infringement, including: (1) Declaratory Relief of Patent Non-Infringement; (2) Declaration of Patent Invalidity; and (3) Declaratory Relief of Inequitable Conduct and Unenforceability, all relating to the '009 Patent.

Panther has also asserted the following affirmative defenses in response to Master Cutlery's Complaint: (1) Master Cutlery's Complaint fails to state a claim against Panther upon which relief can be granted; (2) some or all of the claims set forth in Master Cutlery's Complaint are barred, in whole or in part, by the applicable statue of limitations; (3) Master Cutlery's claims are barred by the doctrine of waiver; (4) Master Cutlery's claims are barred by the equitable doctrine of laches; (5) Master Cutlery's claims are barred by the equitable doctrine of estoppel; (6) Master Cutlery has failed to mitigate its damages; (7) any alleged injury suffered by Master Cutlery did not result from and was not proximately caused by any act or omission, or any wrongful conduct on the part of Panther; (8) Master Cutlery's claims are barred by the doctrine of accord and satisfaction; (9) Master Cutlery has failed to join a party under Federal Rule of Civil Procedure 19; and (10) any patents, trademark registrations, and copyright registrations alleged by Master Cutlery are invalid.

2. Have settlement discussions taken place? Yes _____ No _____X_____
If so, when? _____

(a) What was plaintiff's last demand?
(1) Monetary demand: $ _____
(2) Non-monetary demand: _____
(b) What was defendant's last offer?
(1) Monetary offer: $ _____
(2) Non-monetary offer: _____

3. The parties have exchanged the information required by Fed.R. Civ. P. 26(a)(1).

4. Describe any discovery conducted other than the above disclosures.

None so far.

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

Potential motions to add new parties and new claims on products and/or identify "John Doe" parties.

6. The parties proposed the following:

5

(a) Discovery is needed on the following subjects:

    (i)  Discovery related to the '009 Patent
    (ii) Discovery related to all copyrights allegedly infringed
    (iii) Discovery related to all trademarks allegedly infringed
    (iv) Discovery related to damages

(b) Should discovery be conducted in phases? If so, explain.
    No.

    (i) Discovery related to the '009 Patent:

    a. Disclosure of Asserted Claims & Infringement Contentions: February 27, 2013
    b. Non-Infringement Contentions & Responses:  April 10, 2013
    c. Invalidity Contentions:  April 10, 2013
    d. Responses to Invalidity Contentions: April 24, 2013
    e. Markman briefs: June 7, 2013 (45 days after Responses to Invalidity Contentions – see L. Pat. R. 4.5(d))
    f. Responding Markman Briefs: July 9, 2013

    (ii) Discovery related to copyrights and trademarks according to dates noted below

    (iii) Discovery related to damages

(c) Number of Interrogatories by each party to each other party: 340

(d) Number of Depositions to be taken by each party: approximately 8

(e) Affirmative expert reports due on December 9, 2013.

(f) Responsive expert reports due on January 23, 2014.

(g) Motions to Amend or to Add Parties to be filed by April 1, 2013.

(h) Dispositive motions to be served within 30 days of completion of discovery.

(i) Factual discovery to be completed by November 8, 2013.

(j) Expert discovery to be completed by February 7, 2014.

(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: Specific protective orders will be necessary for the discovery process so as to prevent 'poaching' of customer lists, trade secrets, pricing information, design development proprietary information, and ancillary proprietary

6

information. Some documents may need to be produced on a Judges' eyes only basis.

(l) A pretrial conference may take place on June 23, 2014.

(m) Trial by jury or non-jury Trial? Trial by Jury

(n) Trial date: July 7, 2014

7. Do you anticipate any discovery problem(s)? Yes X (see 6K above)   No _____
If so, explain.

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)? Yes __X_____ No _____
If so, explain.
    The documents are anticipated to be voluminous. Disks and summaries may be needed. Also, a translator may be needed for the deposition of some witnesses.

9. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

    The parties have discussed the possibility of mediation once depositions are completed.

10. Is this case appropriate for bifurcation? Yes _____ No ____X_____

11. We do not consent to the trial being conducted by a Magistrate Judge.

| | |
|---|---|
| Attorney for Plaintiff: | Evelyn A. Donegan<br>Rubin, Kaplan & Associates<br>200 Centennial Avenue, Suite 110<br>Piscataway, NJ 08854<br>edonegan@rkalaw.com |
| Attorney for Defendant: | Alison Dudick<br>Frank A. Mazzeo (*pro hac vice* application pending)<br>Ryder, Lu, Mazzeo & Konieczny LLC<br>808 Bethlehem Pike, Suite 200<br>Colmar, PA 18915<br>adudick@ryderlu.com<br>fmazzeo@ryderlu.com<br>215-997-0248 |

7