NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MASTER CUTLERY, INC. | Civil Action No.: 12-4493 (JLL) |
| Plaintiff, | OPINION |
| v. | |
| PANTHER TRADING CO., INC et al. | |
| Defendants. | |

**LINARES,** District Judge.

This matter comes before the Court by way of Plaintiff / Counterclaim Defendant Master Cutlery, Inc. ("Master Cutlery")'s motion to dismiss Defendant / Counterclaim Plaintiff Panther Trading Co., Inc. ("Panther")'s Second Amended Counterclaims (the "amended counterclaim") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to Master Cutlery's motion, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Master Cutlery's motion is granted in part and denied in part.

I. BACKGROUND

As the Court writes only for the parties, only the facts germane to Master Cutlery's motion are set forth herein.

This action arises out of an intellectual property dispute regarding the design of certain knives. In 2003, Master Cutlery filed a design patent application with the United States Patent and Trademark Office ("USPTO") for an invention entitled "Knife." (CM/ECF No. 1 at ¶ 8.) Its design patent, Patent No. U.S.D. 510,009S (the "'009 Patent'"), was granted in September 2005.

(*Id.*) Master Cutlery lists its president, Victor Lee, as the sole inventor of the '009 Patent. (CM/ECF No. 44 at ¶ 16.) According to Panther, Lee is not the inventor of the '009 Patent's design, as this design "was known in China well prior to Lee and Master Cutlery's application to the USPTO." (*Id.*) Thus, Panther maintains that Lee and Master Cutlery "procured the '009 Patent through false and misleading statements to the [USPTO]." (*Id.*) Panther further maintains that "Lee and Master Cutlery . . . did not disclose material prior art during the prosecution of the application that became the '009 Patent." (*Id.* at ¶ 17.)

According to Panther, Master Cutlery has sold and continues to sell knives and similar products, including but not limited to TF-721 WD, TD-701BL, TF728BK and TF-675YL, that infringe on designs which Panther has registered with the U.S. Copyright Office. (*Id.* at ¶ 32.) These designs include (1) the USA 1918 WWII Wood Knife—Registration No. VA 1-861-001; (2) the Barber Elite Knife—Registration No. VA 1-861-004; and (3) the Sicilian Toothpick Knife—Registration No. VA 1-861-006. (*Id.* at ¶ 31.)

Panther also alleges that Master Cutlery has sold and continues to sell knives and similar goods using marks similar to knives that Panther has trademarked under the following trademark registrations: (1) MUTILATOR, registered under U.S. Application No. 85/717,748 and (2) LUCK O' THE IRISH under U.S. Application No. 85/726,720 (collectively, "the Panther Trademarks"). (*Id.* at ¶ 42.) Specifically, Panther claims that Master Cutlery has sold products, including but not limited to, TF-730GB, TF-730-SB, TF-730SBL, TF-730BR and TF-730SGN using marks similar to the Panther Trademarks. (*Id.* at ¶ 43.) According to Panther, "Master Cutlery's use of marks similar to the Panther Trademarks in connection with the advertising, use, and/or sale of knives and similar goods is calculated to deceive the public and pass off [Master Cutlery's] goods as those of [Panther]." (*Id.* at ¶ 54.) Panther maintains that "Master Cutlery's

2

use of the Panther Trademarks to describe generally its knives, dilutes the distinctive quality of the Panther Trademarks, which are famous marks." (*Id.* at ¶ 63.)

On February 27, 2013, Master Cutlery filed an amended complaint asserting the following claims against Panther: (1) patent infringement under 35 U.S.C. § 271(a); (2) copyright infringement under 17 U.S.C. § 101 et seq.; (3) unfair competition under 15 U.S.C. 1125(a); (4) willful trademark violations; (5) unfair competition under New Jersey common law; (6) tortious interference with prospective economic advantage; and (7) misappropriation of intellectual property. (CM/ECF No. 28.)

On January 3, 2013, Panther filed an answer and counterclaim asserting twelve claims. With leave of Court, Panther filed an amended counterclaim on July 24, 2013, asserting the following claims: (1) Count I—declaration of non-infringement of the '009 Patent; (2) Count II—declaration of invalidity of the '009 Patent; (3) Count III—declaration of inequitable conduct in procuring the '009 Patent and unenforceability of same; (4) Count IV—copyright infringement; (5) Count V—federal trademark infringement under the Lanham Act; (6) Count VI—false designation of origin/false description/unfair competition under the Lanham Act; (7) Count VII—trademark dilution under the Lanham Act; (8) Count VIII—unfair competition under New Jersey common law; (9) Count IX—tortious interference with economic advantage; (10) Count X—unjust enrichment; (11) Count XI—commercial disparagement and federal unfair competition; and (12) Count XII—defamation. (CM/ECF No. 44.) Master Cutlery moved to dismiss the amended counterclaim on August 2, 2013.

## II.    LEGAL STANDARD

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[c]ourts are required to accept all well-pleaded allegations in the complaint as true and to draw all

reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, a complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Young v. Speziale*, No. 07-3129, 2009 U.S. Dist. LEXIS 105236, *6-7 (D.N.J. Nov. 10, 2009) (quoting *Iqbal*, 556 U.S. at 679). The movant on a Rule 12(b)(6) motion "bears the burden of showing that no claim has been presented." *Henderson v. Equable Ascent Fin., LLC*, 2011, No. 11-3576, U.S. Dist. LEXIS 127662, at *2 (D.N.J. Nov. 4, 2011) (quoting *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005)).

### III. DISCUSSION

As an initial matter, the Court notes that Master Cutlery seems to misunderstand the

standard it must satisfy to prevail on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] In the brief filed in support of its motion, Master Cutlery raises numerous factual arguments that are extraneous to the allegations in the counterclaim.[2] At the motion to dismiss stage, the Court may not weigh evidence or otherwise decide which version of the facts is true. *See, e.g., Acevedo v. Monsignor Donovan High Sch.*, 420 F. Supp. 2d 337, 342 (D.N.J. 2006) (noting that arguments that merely attack the factual accuracy of a plaintiff's allegations are "improper arguments to support a motion to dismiss under Rule 12(b)(6)."); *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001) (observing that on a motion to dismiss "[w]e must accept as true all factual allegations in the complaint," and a defendant may not contest these factual allegations for purposes of the motion). Rather, the Court must accept the truth of the allegations in the amended counterclaim. Accordingly, the Court will disregard Master Cutlery's factual arguments because they are extraneous to the allegations in Panther's amended counterclaim.

With this framework in mind, the Court will proceed to address the merits of Master Cutlery's arguments in support of its motion to dismiss.

### A. Counts I, II, and III

---

[1] The Court further notes that both Master Cutlery and Panther's respective briefs are largely lacking in citations to relevant legal authority. To the extent possible, the Court has endeavored to ascertain the specific arguments made by the parties. In the future, however, the Court will not attempt to decipher counsel's arguments. It also bears mentioning that Panther failed to include a table of contents and table of authorities in its opposition brief, in violation of Local Civil Rule 7.2(b). *See* Loc. Civ. R. 7.2(b) ("Any brief *shall include* a table of contents and a table of authorities . . ."). (emphasis added). In any future submission to the Court, counsel are expected to comply with all Local Civil Rules, and must clearly and coherently set forth the legal bases for any requested relief along with citations to relevant legal authority.

[2] In its reply brief, Master Cutlery urges this Court to convert its motion to dismiss into one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). "The decision to . . . convert a motion to dismiss into one for summary judgment is generally committed to the Court's discretion. . ." *E.g., Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 605 (D.N.J. 2002). Prior to converting a motion to dismiss into one for summary judgment, a court must provide the parties a "reasonable opportunity to present all material that is pertinent to the motion." Fed. R. Civ. P. 12(d). This Court declines to convert Master Cutlery's motion into a motion for summary judgment because discovery in this case is not complete. *See, e.g., Taylor v. LaMonica*, No. 12-936, 2012 U.S. Dist. LEXIS 152772, at *8 (E.D. Pa. Oct. 24, 2012) (declining to convert motion to dismiss into one for summary judgment because no discovery had taken place).

Master Cutlery argues that Counts I, II, and III seeking (a) a declaration of non-infringement of the '009 Patent, (b) a declaration that the '009 Patent is invalid, and (c) a declaration of inequitable conduct in procuring the '009 Patent and the unenforceability of same, respectively, must be dismissed because these counts are affirmative defenses dressed in the guise of declaratory judgment claims. (*See, e.g.,* CM/ECF No. 45 at 27-28.) Master Cutlery does not cite any legal authority suggesting that an affirmative defense cannot be premised on the same legal theory as a counterclaim, and this Court is aware of none. Accordingly, the Court will not dismiss Counts I, II, and III of Panther's amended counterclaim.

B.     Count IV

According to Master Cutlery, the designs for the USA 1918 WWII Wood Knife, the Barber Elite Knife, and the Sicilian Toothpick Knife (hereinafter the "copyrighted knives") existed before Panther procured a copyright for these designs. Thus, Master Cutlery maintains that this Court must dismiss Panther's claims for infringement of its designs of the copyrighted knives because "[i]t is well settled as a matter of copyright law that a prior created work cannot infringe a later created one." (CM/ECF No. 45 at 16) (citing *Grubb v. KMS Patriots, L.P.*, 88 F.3d 1, 5 (1st Cir. 1996) (noting that "prior creation renders any conclusion of access or inference of copying illogical.").

Master Cutlery's argument may hold weight if, on summary judgment or at trial, it can ultimately demonstrate that the designs for the copyrighted knives existed before Panther copyrighted these designs. It is inappropriate, however, to raise this primarily factual argument on a motion to dismiss. Accordingly, the Court declines to dismiss Count IV.

C.     Count V

Master Cutlery argues that this Court must dismiss Panther's claims for infringement of

6

the following trademark registrations: MUTILATOR, LUCK O' THE IRISH, and BARBER ELITE.[3] Master Cutlery premises its argument on its assertion that "[e]ach of these [sic] trademark infringement claims will be shown to have no merit" because it does "not use the word or phrase" MUTILATOR or BARBER ELITE, and the phrase "LUCK O' THE IRISH is clearly in the public domain." (CM/ECF No. 45 at 21-22.)

At this stage, the Court's task is not to discern whether Count V has merit. Rather, the Court's task is to determine whether Master Cutlery has satisfied its burden of demonstrating that Panther has failed to state a claim for which relief can be granted. Master Cutlery has failed to satisfy this burden. Therefore, the Court will not dismiss Count V.

D. Counts VI, VII, VIII, IX and X

Master Cutlery maintains that Counts VI, VII, VIII, IX and X must be dismissed because they are based on Panther's meritless trademark and copyright infringement claims. (*See generally* CM/ECF No. 45 at 24-28.) As discussed above, Master Cutlery has not satisfied its burden of demonstrating that Panther has failed to state a claim for copyright or trademark infringement. Accordingly, Master Cutlery's asserted basis for arguing that these counts must be dismissed is untenable. The Court, therefore, declines to dismiss Counts VI, VII, VIII, IX and X.

E. Counts XI and XII

Master Cutlery argues that Panther's claims for commercial disparagement and federal

---

[3] At this time, Count V of Panther's amended counterclaim does not seek relief for infringement of the BARBER ELITE trademark. Accordingly, insofar as Master Cutlery has moved to dismiss the claim for infringement of the BARBER ELITE trademark, the motion is premature. As discussed below, this Court will allow Panther to file a further amended counterclaim to cure the pleading deficiencies in Counts XI and XII. To the extent that Panther adds a claim for infringement of the BARBER ELITE trademark in its further amended counterclaim, Master Cutlery may move to dismiss said claim at the appropriate time.

unfair competition (Count XI)[4] and defamation (Count XII) must be dismissed because Panther has failed to allege sufficient facts to satisfy the pleading requirements for each of these Counts.

To state a claim for false advertising under the Lanham Act, "a plaintiff must allege that: (1) the defendant made false or misleading statements about the nature, characteristics, qualities, geographic origins of his or another's goods, services, or commercial activities in commercial advertising or promotion; (2) there is actual deception or a tendency to deceive a substantial portion of the intended audience; (3) the deception is material in that it is likely to influence purchasing decisions; (4) the advertised goods traveled in interstate commerce; and (5) there is a likelihood of injury to the plaintiff." *See Creston Elecs. Inc. v. Cyber Sound & Sec., Inc.*, No. 11-3492, 2012 U.S. Dist. LEXIS 16132, at *36 (D.N.J. Feb. 9, 2012) (citations omitted).

Similarly, to state a claim for defamation under New Jersey law, a plaintiff must allege "(1) the assertion of a false a defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." *Foy v. Wakefern Food Corp.*, No. 09-1683, 2010 U.S. Dist. LEXIS 1537, at *15 (D.N.J. Jan. 7, 2010) (quoting *DeAngelis v. Hill*, 180 N.J. 1, 847 A.2d 1261, 1267-68 (2004)).

Here, Panther alleges that Master Cutlery "made false statements of fact or stated incorrect statements of opinion to Panther Trading's suppliers and customers about Panther Trading and Panther Brands' products knowing that false or incorrect statements would cause pecuniary loss to . . . [Panther]." (CM/ECF No. 13 at ¶ 91.) Panther's false advertising and defamation claims fail because, among other reasons, Panther has not alleged any facts concerning either the nature of the alleged statements made, or the specific audience to whom the alleged statements were made. The Court, therefore, will dismiss Counts XI and XII without

---

[4] The Court presumes that Count XI is a claim under the Lanham Act for "false representations in advertising concerning the quality of goods or services ('false advertising')." *See Serbin v. Ziebart Intern. Corp., Inc.*, 11 F.3d 1163, 1173 (3d Cir. 1993); *see also* 15 U.S.C. § 1125(a)(1)(B).

prejudice, as the allegations made in support of these counts fail to raise the right to relief above the speculative level.

## IV. CONCLUSION

For the foregoing reasons, Master Cutlery's motion to dismiss is granted in part, and denied in part. Specifically, the motion is granted as to Counts XI and XII of Panther's amended counterclaim; these counts are dismissed without prejudice. The motion is denied as to Counts I, II, III, IV, V, VI, VII, VIII, IX and X. Panther may further amend its amended counterclaim to cure the pleading deficiencies in Counts XI and XII. Additionally, the Court will grant Panther leave to add any additional claims it deems appropriate in a further amended counterclaim pursuant to Federal Rule of Civil Procedure 13(e).[5] An appropriate Order accompanies this Opinion.

Date: August 26, 2013

JOSE L. LINARES
United States District Judge

---

[5] Because the Court will allow Panther to add additional claims in a further amended counterclaim, Panther's motion to amend which is currently pending before Magistrate Judge Joseph A. Dickson is denied as moot.