IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MASTER CUTLERY , INC., : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> PANTHER TRADING CO., INC., and : <br> ABC COMPANIES 1-30 : <br>     Defendants. : <br> _____ : <br> PANTHER TRADING CO., INC., and : <br> PANTHER BRANDS INC., : <br>     Counterclaim Plaintiffs, : <br> : <br> v. : <br> : <br> MASTER CUTLERY, INC., FAITH & : <br> TRUST, INC. and XYZ COMPANIES : <br> 1-30, : <br>     Counterclaim Defendants. : | CIVIL ACTION <br><br> Case No. 12-4493(JLL) <br><br><br> Jury Trial Demanded |

**DEFENDANTS' THIRD AMENDED COUNTERCLAIMS AND DEMAND FOR JURY TRIAL**

Counterclaim Plaintiffs Panther Trading Company, Inc. ("Panther Trading") and Panther Brands Inc. ("Panther Brands"), by and through their counsel, Ryder, Lu, Mazzeo & Konieczny LLC, hereby files their amended counterclaims and jury demand thereon against Counterclaim Defendants Master Cutlery, Inc. ("Master Cutlery"), Faith & Trust, Inc. ("Faith & Trust"), and XYZ Companies 1-30 ("XYZ") (collectively "Counterclaim Defendants") as follows:

**Jurisdiction and Venue**

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, as codified at 17 U.S.C. § 101 *et seq*.

2. This also is a civil action for trademark infringement, unfair competition and

trademark dilution under the trademark laws of the United States, including 15 U.S.C. Sections 1114, 1116, 1117, 1125(a) and 1125(c); common law trademark infringement and common law unfair competition.

3. This Court has subject matter jurisdiction over this matter under 15 U.S.C. § 1121 et seq. and 28 U.S.C. §§ 1331 and 1338. The Court also has diversity jurisdiction under 28 U.S.C. §1332 in that the parties have complete diversity. The Court also has supplemental jurisdiction under 28 U.S.C. § 1367 as to state law claims.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because Master Cutlery resides, transacts business, is found, and/or has agents in this District, and because a substantial part of the events giving rise to Panther Trading and Panther Brands' claims occurred in this District. Venue is also proper in this Judicial District pursuant to 28 U.S.C. § 1391 for Faith & Trust, as it resides, transacts business, is found, and/or has agents in this District, and because it regularly transacts business with Master Cutlery in this District.

5. This Court has personal jurisdiction over Master Cutlery because, *inter alia*, Master Cutlery: (a) has its principal place of business in New Jersey; (b) transacts business in this District; (c) has substantial contacts in this District; and/or (d) engaged in unlawful acts in this District. This Court has personal jurisdiction over Faith & Trust because, *inter alia*, Faith & Trust: (a) has its principal place of business in New Jersey; (b) transacts business in this District; (c) has substantial contact in this District; and/or (d) engaged in unlawful acts in this District.

**The Parties**

6. Counterclaim Plaintiff Panther Trading is a Maryland corporation, with a principal place of business at 2652 West Patapsco Avenue, Baltimore, Maryland, 21230.

7. Counterclaim Plaintiff Panther Brands is a Maryland corporation, with a

principal place of business at 10119 Lyons Mill Road, Owings Mill, Maryland, 21117.

8. Counterclaim Defendant Master Cutlery is a New Jersey corporation, with a principal place of business at 700 Penhorn Avenue, Secaucus, New Jersey, 07094.

9. Counterclaim Defendant Faith & Trust, Inc. is a New Jersey corporation, with principal places of business at 939 Newark Turnpike, Kearny, New Jersey, 07032 and 1308 Centennial Ave, Suite 105, Piscataway, NJ 08854.

10. Counterclaim Defendant XYZ Companies are fictitious persons or entities whose present identity and address are unknown, who have also violated Panther Trading and Panther Brands' rights as set forth herein, or who assisted, conspired, or otherwise cooperated with Master Cutlery and/or other Counterclaim Defendants in the acts complained of herein.

**Statement of Facts**

11. The foregoing allegations are repeated and incorporated herein by reference.

12. The parties in this case are competitors and importers in the knife business.

13. Panther Trading and Panther Brands enjoy a strong reputation in the industry for creating unique knife designs. Rather than creating their own designs, Master Cutlery, a much larger company than Panther Trading or Panther Brands, competes by stealing knife designs from others, including Panther Trading and Panther Brands.

14. Faith & Trust imports the infringing products, bearing infringing trademarks and/or copyrighted designs, into the United States and provides them to Master Cutlery, assisting, conspiring, and cooperating with Master Cutlery to violate Panther Trading's rights as set forth herein. Upon information and belief, Master Cutlery uses Faith & Trust to import infringing products so that Master Cutlery can avoid contact with U.S. Customs, with which it has had difficulties in the past.

15. Master Cutlery has attempted to "strike first" and sued Panther Trading first despite the fact that it is Master Cutlery, Faith & Trust, and XYZ that have misappropriated

and infringed the intellectual property of Panther Trading and Panther Brands and not vice versa.

## Counts Related to Design Patent No. U.S. D 510,009

16. Master Cutlery lists its president, Victor Lee, as the sole inventor of design patent U.S. D510,009 ("'009 Patent"). Upon information and belief, Mr. Lee is not the inventor of the design of the '009 Patent. Upon information and belief, the design was known in China well prior to the filing of the application by Mr. Lee. Therefore, Mr. Lee and Master Cutlery procured the '009 Patent through false and misleading statements to the U.S. Patent and Trademark Office ("USPTO").

17. Mr. Lee and Master Cutlery also did not disclose material prior art during the prosecution of the application that became the '009 Patent.

18. The actions and non-actions described in the preceding two paragraphs constitute inequitable conduct and fraud on the USPTO by Mr. Lee and Master Cutlery.

## Count I
## Declaratory Relief of Patent Non-Infringement
## Panther Trading v. Master Cutlery

19. The foregoing allegations are repeated and incorporated herein by reference.

20. Master Cutlery is currently accusing Panther Trading of infringing the '009 Patent.

21. An actual controversy exists between Master Cutlery and Panther Trading with respect to the noninfringement of the '009 Patent.

22. Panther Trading's products do not and have not infringed the '009 Patent.

23. Panther Trading, therefore, is entitled to declaratory relief stating that its products do not and have not infringed the '009 Patent.

## Count II
## Declaration of Patent Invalidity
## Panther Trading v. Master Cutlery

24. The foregoing allegations are repeated and incorporated herein by reference.

25. The '009 Patent is invalid for failing to satisfy the requirements of the U.S. Patent Laws, including 35 U.S.C. §§102, 103 and/or 112.

26. Panther Trading seeks a declaration to this effect.

### Count III
### Declaratory Relief of Inequitable Conduct and Unenforceability
### Panther Trading v. Master Cutlery

27. The foregoing allegations are repeated and incorporated herein by reference.

28. Panther Trading is currently aware, based on investigation to date, that Master Cutlery has committed inequitable conduct in procuring the '009 Patent by failing to disclose the true inventor and relevant, material prior art of which Master Cutlery was aware.

29. Panther Trading seeks a declaration to this effect.

### Count IV
### Copyright Infringement
### Panther Trading and Panther Brands v. Master Cutlery, Faith & Trust and XYZ Companies

30. The foregoing allegations are repeated and incorporated herein by reference.

31. Panther Trading and/or Panther Brands are, and at all relevant times have been, the copyright owners under United States copyright law or licensee with respect to the designs listed in the table below (hereinafter the "Panther Copyrighted Designs"). Each design is registered with the U.S. Copyright Office. Attached hereto and marked as the Exhibit Numbers indicated in the table below are true and correct copies of each copyright registration, as well as a true and correct copy of the copyright deposit material showing the specific knife design of each application.

| EXHIBIT NO. | TITLE | OWNER | REG. NO. |
| --- | --- | --- | --- |
| 1 | US 1918 WWII Wood | Panther Trading Company, Inc. | VA 1-861-001 |

5

| | | | |
|---|---|---|---|
| 2 | Barber Elite Knife | Panther Brands Inc. | VA 1-861-004 |
| 3 | Sicilian Toothpick Knife | Panther Trading Company, Inc. | VA 1-861-006 |

32. Counterclaim Defendant Master Cutlery has sold and continues to sell various knives and similar products, including but not limited to TF-721WD, TD-701BL, TF728BK and TF-675YL, that infringe the Panther Copyrighted Designs and have done so without permission or consent from Panther Trading or Panther Brands.

33. Counterclaim Defendant Faith & Trust has imported through U.S. Customs, various knives and similar products, and delivered to Counterclaim Defendant Master Cutlery, including but not limited to TF-721WD, TD-701BL, TF728BK and TF-675YL, that infringe the Panther Copyrighted Designs and have done so without permission or consent from Panther Trading or Panther Brands.

34. Counterclaim Defendants ' activities have violated, among other things, Panther Trading and/or Panther Brands' exclusive rights of reproduction, distribution, publication, and/or display.  These actions constitute infringement of Panther Trading and/or Panther Brands' copyrights and/or exclusive rights under the Copyright Act of 1976, as codified in 17 U.S.C. § 101 et seq.

35. Counterclaim Defendants' acts have been committed willfully and/or with a wanton and reckless disregard for Panther Trading and/or Panther Brands' rights.

36. As a result of Counterclaim Defendants' infringement of Panther Trading and/or Panther Brands' copyrights and/or exclusive rights under the Copyright Act, Panther Trading and Panther Brands are entitled to relief pursuant to 17 U.S.C. § 504 against

6

Counterclaim Defendants for each infringement of each of the Copyrighted Designs.

37. Panther Trading and Panther Brands are entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

38. Panther Trading and Panther Brands have sustained irreparable harm to their business, reputation and goodwill, and unless Counterclaim Defendants are enjoined and restrained by this Court, Counterclaim Defendants will continue in the activities alleged herein and as a result thereof, Panther Trading and Panther Brands will continue to sustain irreparable harm to their business, reputation, and goodwill.

39. Pursuant to 17 U.S.C. §§ 502 and 503, Panther Trading and Panther Brands are entitled to injunctive relief prohibiting Counterclaim Defendants from further infringing Panther Trading and/or Panther Brands' copyrights and ordering Counterclaim Defendants to destroy all copies of the Copyrighted Designs made in violation of Panther Trading and/or Panther Brands' copyrights.

40. Panther Trading and Panther Brands have no adequate remedy at law.

### COUNT V
### Federal Trademark Infringement Under the Lanham Act
### Panther Trading and Panther Brands v. Master Cutlery, Faith & Trust and XYZ Companies

41. The foregoing allegations are repeated and incorporated herein by reference.

42. Panther Brands is the owner and Panther Trading is the licensee of the following trademark registrations: LUCK O' THE IRISH under U.S. Registration No. 4,292,474 used with knives; and BARBER ELITE under U.S. Application No. 85/721,245 (collectively "Panther Trademarks").

43. Counterclaim Defendant Master Cutlery has sold knives and similar goods using marks similar to the Panther Trademarks, including but not limited to: TF-730GB, TF-730-SB, TF-730-BL, TF-730SBL, TF-730BR, TF-730SGN and TF728BK .

44. Counterclaim Defendant Faith & Trust has imported through U.S. Customs and delivered to Counterclaim Defendant Master Cutlery, knives and similar goods using marks similar to the Panther Trademarks.

45. Counterclaim Defendants' acts constitute trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

46. Counterclaim Defendants' use of the marks similar to the Panther Trademarks in connection with the advertising, use, and/or sale of knives and similar goods and importing of the infringing products, is likely to cause confusion, or to cause mistake, or to deceive the public regarding the source of the knives.

47. Counterclaim Defendants have acted willfully with the knowledge that their activities are intended to cause confusion, to cause mistake, and to deceive, and are attended by circumstances of malice or of a wanton and reckless disregard for Panther Trading and Panther Brand's rights, entitling Panther Trading and/or Panther Brands to an award of treble damages and reasonable attorneys' fees.

48. Panther Trading and Panther Brands have sustained irreparable harm to their business, reputation, and goodwill, and, unless Counterclaim Defendants are enjoined and restrained by this Court, Counterclaim Defendants will continue in the activities alleged herein and as a result thereof, Panther Trading and Panther Brands will continue to sustain irreparable harm to their business, reputation, and goodwill.

49. To the extent Panther Trading and Panther Brands have trademark rights in SHERIFF, Counterclaim Defendants have infringed those trademark rights as well.

50. Panther Trading and Panther Brands have no adequate remedy at law.

**COUNT VI**
**False Designation of Origin/False Description/ Unfair Competition**
**Under the Lanham Act**
**Panther Trading and Panther Brands v. Master Cutlery, Faith & Trust and XYZ Companies**

51. The foregoing allegations are repeated and incorporated herein by reference.

52. Counterclaim Defendants' acts constitute false designation of origin and/or false description in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. Counterclaim Defendants' use of marks similar to the Panther Trademarks in connection with the sale and importation of knives and similar goods falsely describes or represents to the public the source of the knives.

54. Counterclaim Defendant Master Cutlery's use of marks similar to the Panther Trademarks in connection with the advertising, use, and/or sale of knives and similar goods is calculated to deceive the public and pass off Counterclaim Defendants' goods as those of Panther Trading and/or Panther Brands.

55. Counterclaim Defendant Faith & Trust's importation and delivery of goods bearing marks similar to the Panther Trademarks is calculated to deceive the public and pass off Counterclaim Defendants' goods as those of Panther Trading and/or Panther Brands.

56. Counterclaim Defendants have knowingly caused the goods referenced in the preceding paragraph to enter into commerce with knowledge of the falsity of such designation of origin and/or description or representation.

57. On information and belief, Counterclaim Defendants, by their importation and unfair use of the Panther Trademarks and the SHERIFF trademark, have made profits to which they are not entitled in law or in equity.

58. Panther Trading and Panther Brands have sustained irreparable harm to their business, reputation, and goodwill, and unless Counterclaim Defendants are enjoined and restrained by this Court, Counterclaim Defendants will continue in the activities alleged herein and as a result thereof, Panther Trading and Panther Brands will continue to sustain irreparable harm to their business, reputation and goodwill.

59. Panther Trading and Panther Brands have no adequate remedy at law.

60. Counterclaim Defendants' acts have been committed willfully and/or with a wanton and reckless disregard for the rights of Panther Trading and Panther Brands.

## COUNT VII
### Trademark Dilution Under the Lanham Act
### Panther Trading and Panther Brands v. Master Cutlery, Faith & Trust, and XYZ Companies

61. The foregoing allegations are repeated and incorporated herein by reference.

62. Counterclaim Defendants' acts constitute trademark dilution in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

63. Counterclaim Defendant Master Cutlery's use of the Panther Trademarks to describe generally its knives, dilutes the distinctive quality of the Panther Trademarks, which are famous marks.

64. Counterclaim Defendant Faith & Trust has imported through U.S Customs and delivered to Master Cutlery, knives which dilute the distinctive quality of the Panther Trademarks, which are famous marks.

65. Counterclaim Defendants' acts constitute a willful and deliberate intent to capitalize on Panther Trading and Panther Brands' business, reputation, and goodwill.

66. Counterclaim Defendants have and will continue to unlawfully procure business that they would not otherwise obtain fairly on the open market.

67. Panther Trading and Panther Brands have sustained irreparable harm to their business, reputation, and goodwill, and unless Counterclaim Defendants are enjoined and restrained by this Court, Counterclaim Defendants will continue to dilute Panther Trading and Panther Brands' famous Panther Trademarks and as a result thereof, Panther Trading and Panther Brands will continue to sustain irreparable harm to their business, reputation, and goodwill.

68. Panther Trading and Panther Brands have no adequate remedy at law.

69. Counterclaim Defendants' acts have been willful and/or with a wanton and reckless disregard for Panther Trading and Panther Brands' rights.

**COUNT VIII**
**Unfair Competition Under New Jersey Common Law**
**Panther Trading and Panther Brands v. Master Cutlery, Faith & Trust, and XYZ Companies**

70. The foregoing allegations are repeated and incorporated herein by reference.

71. Counterclaim Defendant Master Cutlery's use of the Panther Trademarks in connection with their knives and similar goods constitutes unfair competition in violation of New Jersey common law.

72. Counterclaim Defendant Master Cutlery's use of the Panther Trademarks in connection with their knives and similar goods is being done with the intent, purpose, and effect of procuring an unfair competitive advantage over Panther Trading and Panther Brands by misappropriating the valuable goodwill developed by Panther Trading and Panther Brands in their Panther Trademarks.

73. Counterclaim Defendant Faith & Trust's importation and delivery of knives and similar goods bearing Panther Trademarks to Counterclaim Defendant Master Cutlery, is being done with the intent, purpose, and effect of procuring an unfair competitive advantage over Panther Trading and Panther Brands by aiding in misappropriating the valuable goodwill developed by Panther Trading and Panther Brands in their Panther Trademarks and constitutes unfair competition in violation of New Jersey common law.

74. Counterclaim Defendants will continue to unlawfully procure business that it would not otherwise obtain fairly on the open market.

75. Panther Trading and Panther Brands have sustained irreparable harm to their

business, reputation, and goodwill, and, unless Counterclaim Defendants are enjoined and restrained by this Court, they will continue in the activities alleged herein and as a result thereof, Panther Trading and Panther Brands will continue to sustain irreparable harm to their business, reputation, and goodwill.

76. Panther Trading and Panther Brands have no adequate remedy at law.

77. Counterclaim Defendants' acts have been committed willfully and/or with a wanton and reckless disregard for Panther Trading and Panther Brands' rights.

## COUNT IX
### Tortious Interference with Prospective Economic Advantage
### Under New Jersey Common Law
### Panther Trading and Panther Brands v. Master Cutlery, Faith & Trust, and XYZ Companies

78. The foregoing allegations are repeated and incorporated herein by reference.

79. Panther Trading and Panther Brands' copyrights and trademarks have been well regarded by consumers for years, and Panther Trading and Panther Brands have benefited from this high regard.

80. Counterclaim Defendants knew and should have known that their unlawful activities would directly impact Panther Trading and Panther Brands' sales of their knives to their customers.

81. Counterclaim Defendant Master Cutlery has directly communicated with Panther Trading's suppliers in attempts to have those suppliers cease doing business with Panther Trading.

82. Counterclaim Defendants intended to interfere with Panther Trading and Panther Brands' economic relationships.

83. Counterclaim Defendants' activities have disrupted Panther Trading and Panther Brands' sales and negatively impacted their profits.

84. This disruption has harmed Panther Trading and Panther Brands' economic

interests.

## COUNT X
### Unjust Enrichment
### Panther Trading and Panther Brands v. Master Cutlery, Faith & Trust, and XYZ Companies

85. The foregoing allegations are repeated and incorporated herein by reference.

86. As set forth above, Counterclaim Defendants have profited from their use, importation and delivery of the Panther Copyrighted Designs and Panther Trademarks. Counterclaim Defendants have not compensated Panther Trading or Panther Brands for these profits, nor have Counterclaim Defendants provided goods or services to Panther Trading or Panther Brands in exchange for those profits.

87. Counterclaim Defendants have knowingly benefited from their use of the Panther Copyrighted Designs and Panther Trademarks.

88. Counterclaim Defendants' continued retention of these benefits is and will be inequitable unless they pay Panther Trading and Panther Brands the value of the benefits they have received.

89. Accordingly, Counterclaim Defendants have been unjustly enriched at Panther Trading and Panther Brands' expense, and Panther Trading and Panther Brands are entitled to a judgment in the amount of the profits.

### **Prayer For Relief**

WHEREFORE, Panther Trading and Panther Brands pray for the following relief:

a) an award of damages for copyright infringement of the Panther Copyrighted Designs, including Counterclaim Defendants' profits, and that such award be trebled due to Counterclaim Defendants' willful and deliberate conduct;

b) an award of damages for infringement of the Panther Brands trademarks LUCK O'

THE IRISH and BARBER ELITE, including Counterclaim Defendants' profits, and that such award be trebled due to Counterclaim Defendants' willful and deliberate conduct;

c) an award for Counterclaim Defendants' unfair business practices, commercial disparagement and defamation;

d) a declaration that Master Cutlery's patent is invalid.

e) a declaration that Master Cutlery's trademark registration for SHERIFF is invalid and is cancelled;

f) a declaration that Master Cutlery's patent, copyrights and SHERIFF trademark, if any, have not been infringed by Panther Trading or Panther Brands;

g) punitive damages due to the willful, wanton, and malicious conduct of Counterclaim Defendants;

h) an award of costs, disbursements and interest;

i) an award of attorneys' fees; and

j) the grant of such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Defendants/Counterclaimants hereby demand a trial by jury as to all issues in the Complaint.

Dated:  September 25, 2013					Ryder, Lu, Mazzeo & Konieczny LLC

By: /s/AlisonRohmerDudick
Alison Rohmer Dudick, Esq.
Frank A. Mazzeo (*Pro Hac Vice*)
808 Bethlehem Pike, Suite 200
Colmar, PA 18915
Telephone: 215-997-0248; Fax: 215-997-0266
adudick@ryderlu.com
fmazzeo@ryderlu.com
*Attorneys for Defendants/Counterclaim Plaintiff Panther Trading Co., Inc. and Counterclaim Plaintiff Panther Brands Inc.*

## Certificate of Service

The undersigned certifies that on the date set forth below a copy of the foregoing document entitled Defendants' Third Amended Counterclaims and Demand for a Jury Trial was served on the following via email (per agreement) and ECF:

Evelyn Donegan, Esq.
Rubin, Kaplan & Associates
200 Centennial Ave
Suite 110
Piscataway, NJ  08854-3950
edonegan@rkalaw.com
attys@rkalaw.com
*Attorney for Plaintiff*

|  |  |
|---|---|
|  | Ryder, Lu, Mazzeo & Konieczny LLC |
| Dated: September 25, 2013 | /FrankAMazzeo/<br>Frank A. Mazzeo, Esq.<br>808 Bethlehem Pike, Suite 200<br>Colmar, PA 18915<br>(215) 997-0248 (p)<br>(215) 997-0266 (f)<br>fmazzeo@ryderlu.com<br>*Attorney for Defendants/Counterclaimants* |